# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DWIGHT DAVID MASSEY,  )
      Petitioner,  )
      )
v.  )   Case No. CV408-102
      )
AL ST. LAWRENCE,  )
      Respondent.  )

## REPORT AND RECOMMENDATION

Dwight David Massey, a pre-trial detainee held at the Chatham County Detention Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) To the extent Massey seeks relief from confinement under § 2254, his claim is barred because he is not yet attacking "custody pursuant to the judgment of a State court." 28 U.S.C. § 2254 (b)(1) (emphasis added); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("[s]ection 2254 . . . applies only to post-trial situations"). Consequently, the Court construes the petition as one brought pursuant to 28 U.S.C. § 2241. Stacey, 854 F.2d at 403 n.1 ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. §

2241, which applies to persons in custody regardless of whether final judgment has been rendered."); see also Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharaterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal."). Massey, however has failed to satisfy the common law exhaustion requirement for § 2241 claims, and thus his petition should be dismissed.

The United States Supreme Court in Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973), stated that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 490. While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); Montez v.

McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1974); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); see Wilson v. Hickman, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." Jackson v. Walker, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." Id.

Here, Massey indicates that he filed a habeas petition in the state court and it was dismissed on January 15, 2008. (Doc. 1 at 4.) But he does not indicate that he sought review of that dismissal before the Georgia

Supreme Court. (Id.) Consequently, his petition is unexhausted. Because this Court lacks the authority under § 2241 to review the constitutionality of Massey's confinement prior to the exhaustion of his state court remedies, the petition should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __30__ day of May, 2008.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA